UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN H., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations, <br><br> Defendant. | CASE NO. C18-213 BHS <br><br> ORDER AFFIRMING DENIAL OF BENEFITS |

**I.  BASIC DATA**

Type of Benefits Sought:

  (X) Disability Insurance

  (  ) Supplemental Security Income

Plaintiff's:

  Sex:  Male

  Age:  48 at the time of alleged disability onset

Principal Disabilities Alleged by Plaintiff:  Deep vein thrombosis; severe leg cramps; swelling and pain in legs.  AR at 76.

Disability Allegedly Began:  January 6, 2014

Principal Previous Work Experience:  Lubrication technician, truck driver

Education Level Achieved by Plaintiff:  GED

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before Administrative Law Judge ("ALJ"):

    Date of Hearing: June 23, 2016

    Date of Decision: April 20, 2017

    Appears in Record at: AR at 15-26

    Summary of Decision:

        The claimant did not engage in substantial gainful activity during the period from his alleged onset date of January 6, 2014 through his date last insured of December 31, 2015 (20 C.F.R. § 404.1571 *et seq.*);

        From the alleged onset date of January 6, 2014 through the date last insured of December 31, 2015, the claimant had the following severe impairments: deep vein thrombosis; right knee degenerative joint disease; obesity; alcohol use disorder in partial remission (20 C.F.R. § 404.1520(c));

        Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526);

        After careful consideration of the entire record, the ALJ found that through the date last insured, the claimant had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 1567(b), including the ability to engage in unskilled repetitive, routine tasks in two hour increments. He needed to alternate from sitting to standing and back every few minutes. He could occasionally stoop, squat, crouch, crawl, and kneel. He could occasionally climb stairs and ramps, but never ropes, ladders, or scaffolds. He would be absent from work one time per month.

        Through the date last insured, the claimant was unable to perform any past relevant work (20 C.F.R. § 404.1565);

        Born on XXXX, 1966,[1] the claimant was a younger individual age 18-49, on the date last insured (20 C.F.R. § 404.1563);

---

[1] Dates of birth are redacted to the year. *See* Fed. R. Civ. P. 5.2(a)(2); LCR 5.2(a)(1).

The claimant has at least a high school education and is able to communicate in English (20 C.F.R. § 404.1564);

Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not he has transferable job skills (See SSR 82-41; 20 C.F.R. Part 404, Subpart P, Appendix 2);

Through the date last insured, considering the claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 C.F.R. §§ 404.1569, 404.1569(a));

The claimant was not under a disability, as defined in the Social Security Act, at any time from the alleged onset date of January 6, 2014, through December 31, 2015, the date last insured (20 C.F.R. § 404.1520(g)).

Before Appeals Council:

Date of Decision:  December 5, 2017

Appears in Record at:  AR at 1-3

Summary of Decision:  Denied review.

### III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

### IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

Plaintiff, as the claimant, bears the burden of proving he is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R.

§ 404.1520. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

## VI. ISSUES ON APPEAL

A. Whether the ALJ properly evaluated Plaintiff's mental impairments at step two.

B. Whether the ALJ properly evaluated the opinions of Harry Lum, M.D.

C. Whether the ALJ properly conducted the step five evaluation.

## VII. DISCUSSION

**A. The ALJ Did Not Harmfully Err in Finding That Plaintiff's Mental Impairments Were Not Severe**

Plaintiff first contends that the ALJ erred in finding that Plaintiff's mental impairments were not severe. Pl. Op. Br. (Dkt. # 12) at 5-6. Plaintiff has failed to show that the ALJ committed harmful error. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (holding that the party challenging an administrative decision bears the burden of proving harmful error) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)).

The step-two inquiry is "merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146–47 (1987)). At step two, the ALJ must determine if the claimant suffers from any impairments that are "severe." 20 C.F.R. § 404.1520(c). As long as the claimant has at least one severe impairment, the disability inquiry moves on to step three. *See* 20 C.F.R. § 404.1520(d). The step-two inquiry "is not meant to identify

the impairments that should be taken into account when determining the RFC." *Buck*, 869 F.3d at 1048-49. At the RFC phase, the ALJ must consider the claimant's limitations from all impairments, including those that are not severe. *Id.* at 1049. "The RFC therefore should be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Id.* (emphasis omitted). Thus, a claimant cannot be prejudiced by failure to consider a particular impairment severe at step two as long as the ALJ finds the claimant has at least one severe impairment, and still addresses the non-severe impairment when considering the claimant's RFC. *Id.* (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)).

The ALJ met both conditions for harmless error here. He found that Plaintiff had four severe impairments, and thus continued with the sequential disability evaluation process. *See* AR at 17. The ALJ also reasonably considered Plaintiff's alleged mental impairments in crafting the RFC despite designating them non-severe. *See id.* at 22–23.

With respect to the second issue, Plaintiff relies on three medical opinions to support his position. State agency evaluators Bruce Eather, Ph.D., and James Bailey, Ph.D. diagnosed Plaintiff with somatoform, affective, and alcohol addiction disorders, all of which they classified as severe. *Id.* at 80–81, 96. The ALJ gave little weight to these doctors' opinions. *See id.* at 23. Examining psychologist Manuel Gomes, Ph.D. similarly diagnosed Plaintiff with other specified somatic symptom and related disorder; adjustment disorder, with mixed anxiety and depressed mood; and severe alcohol use disorder, in partial remission. *Id.* at 315. The ALJ gave significant weight to Dr. Gomes's opinions. *See id.* at 22.

Plaintiff does not directly challenge the ALJ's weighing of these opinions, and has consequently conceded that issue. *See Youngblood v. Berryhill*, 734 F. App'x 496, 498 (9th Cir. 2018); *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). Furthermore, Plaintiff has not adequately identified what aspect of these opinions the ALJ failed to address in the RFC. Dr. Eather and Dr. Bailey both opined that Plaintiff had no limitations in understanding, memory, social interaction, or adaptation. *Id.* at 84–85, 100–01. The only impairment these doctors stated was that Plaintiff's concentration, persistence, and pace "at times may be affected by [his] mental health [symptoms] and focus on pain, but [Plaintiff is] capable of completing a normal work day/week." *Id.* at 85, 101. The ALJ rejected this position, and thus had no obligation to include a correlating limitation in the RFC. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008); *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

Dr. Gomes gave a similar opinion. He noted that Plaintiff's Personal Health Questionnaire PHQ-9 depression score "effectively indicat[ed that he was] not experiencing depression." *Id.* Dr. Gomes reported that Plaintiff "endorsed mild somatic complaints, low moderate panic symptoms, and moderate general anxiety symptoms."

Based on his examination, Dr. Gomes opined that Plaintiff did not have any impairments in his ability to manage his own finances or socially relate to others. *Id.* at 316. Plaintiff did have "a significant to moderate impairment with is ability to maintain regular workplace attendance based on his pain affecting his quality of sleep." *Id.* Dr. Gomes concluded that Plaintiff's "poor sleep quality will impact his ability to tolerate the

usual workplace stressors with mild impairment, but there are no specific overwhelming detriments in his ability to tolerate workplace stressors." *Id.*

Plaintiff has failed to show that the ALJ erred in addressing these limitations in the RFC. Dr. Gomes opined that Plaintiff was impaired in his ability to maintain regular workplace attendance, and the RFC stated that Plaintiff would be absent from work one time per month. *See id.* at 20, 316. Dr. Gomes's second opinion—that Plaintiff was mildly impaired in his ability to tolerate workplace stressors, but that he had "no specific overwhelming detriments"—was less clear, and the ALJ reasonably determined that it did not warrant inclusion in the RFC. *See Stubbs-Danielson*, 539 F.3d at 1174. The ALJ therefore did not harmfully err at step two in finding that Plaintiff's mental impairments were not severe.

**B.     The ALJ Did Not Err in Rejecting Dr. Lum's Opinions**

Plaintiff next argues that the ALJ erred when he gave little weight to the opinions of Harry Lum, M.D. Pl. Op. Br. at 7–8.[2] Dr. Lum was Plaintiff's treating physician. *See* AR at 243-49. He diagnosed Plaintiff with limb pain, with a differential diagnosis of deep vein thrombosis. *See id.* at 244, 249. Dr. Lum opined that, based on this diagnosis, Plaintiff was moderately impaired in his ability to perform basic work activities involving sitting, standing, walking, lifting, carrying, handling, pushing, pulling, reaching,

---

[2] In his brief, Plaintiff contends that "the ALJ improperly rejected the opinions of [Plaintiff's] treating and examining doctors," but only discussed the ALJ's treatment of Dr. Lum's opinions. *See id.* The Court will not address arguments not specifically made, and thus limits its review to the ALJ's treatment of Dr. Lum's opinions. *See Youngblood*, 734 F. App'x at 498(citing *Indep. Towers of Wash.*, 350 F.3d at 929-30).

stooping, and crouching. *Id.* at 244. He concluded that Plaintiff was limited to sedentary work, but that the limitation would only persist for six months with available medical treatment. *Id.* at 245.

The ALJ gave Dr. Lum's opinions little weight. *Id.* at 23. To reject the opinions of a treating doctor that are contradicted, the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence in the record." *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews*, 53 F.3d at 1042). The ALJ can satisfy this requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). The Court may also draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes*, 881 F.2d at 755.

The ALJ gave two reasons for rejecting Dr. Lum's opinions: (1) Dr. Lum's opinions were not supported by the evidence; and (2) Dr. Lum opined that Plaintiff's impairments would only last for about six months, below the 12-month threshold for disability. *Id.* Both reasons withstand scrutiny.

An ALJ may reasonably reject a doctor's opinion that is not supported by the medical evidence or is inadequately explained. *See Bayliss*, 427 F.3d at 1217 ("An ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings.") (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)). While Dr. Lum opined that Plaintiff was limited to sedentary work, his treatment records indicate that Plaintiff's strength and motor skills

were normal, his sensations in the lower extremities were intact, and his deep tendon reflexes were normal. *See* AR at 249. Plaintiff walked with a normal gait, had normal coordination and balance, and had excellent range of motion. *Id.* The ALJ did not err in finding that Dr. Lum's opinions were not adequately supported by the evidence, and accordingly rejecting them.

The ALJ's second reason for discounting Dr. Lum's opinions also survives scrutiny. An impairment must last at least 12 months for a claimant to be considered disabled. *See* 20 C.F.R. § 404.1509. Since Dr. Lum only expected Plaintiff's impairments to last six months, the ALJ reasonably determined that the doctor's opinions were less persuasive, and that his opinions were entitled to little weight. *See Hahto-Aune v. Berryhill*, No. 2:17-CV-01226-DWC, 2018 WL 525827, at *4 (W.D. Wash. Jan. 24, 2018); *O'Brien v. Colvin*, No. C14-191-RAJ-JPD, 2015 WL 999904, at *7 (W.D. Wash. Feb. 13, 2015). The ALJ therefore did not err in rejecting Dr. Lum's opinions.

**C.     The ALJ Did Not Err at Step Five of the Disability Evaluation Process**

Plaintiff argues that the ALJ erred at step five by finding that Plaintiff could perform specific jobs existing in substantial numbers in the national economy despite his limitations. Pl. Op. Br. at 9. First, he argues that the ALJ erred in relying on testimony from the vocational expert here because that testimony was based on incomplete hypotheticals. *Id.* This argument is based on Plaintiff's claims that the ALJ erred in finding that his mental impairments were not severe, and in rejecting Dr. Lum's opinions. *See* Pl. Op. Br. at 9–10. Because, as discussed above, those arguments fail, Plaintiff's

argument that the ALJ erred at step five because he relied on incomplete hypotheticals also fails. *See Stubbs-Danielson*, 539 F.3d at 1174; *Magallanes*, 881 F.2d at 757.

Second, Plaintiff argues that the vocational expert's testimony did not support the ALJ's conclusion. *See* Pl. Op. Br. at 9-10. In particular, Plaintiff argues that the vocational expert testified that an employee who used one sick day per month would not be able to maintain competitive employment. *Id.* at 10.

Plaintiff overstates the vocational expert's testimony. When asked what the "maximum absenteeism that is tolerated" for the jobs he identified, the expert responded that it was "about one day a month." AR at 68. The expert further testified that "most employers discourage the use of a sick day a month," but still opined that missing "in the ballpark of one [day per month] is certainly the upper limit of tolerance. *Id.* at 72. Nothing in this contradicts the ALJ's conclusions, and thus Plaintiff has failed to show that the ALJ erred at step five of the disability evaluation process.

## VIII. ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision denying Plaintiff disability benefits is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 4th day of October, 2018.

BENJAMIN H. SETTLE
United States District Judge